**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BERNARD ANDERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-5058 |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |

**MEMORANDUM**

Baylson, J.                                                                                    **December 21, 2005**

**I.      Background**

    Plaintiff Bernard Anderson is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") State Correctional Institution at Graterford ("SCI-Graterford").  He believes that he suffers from scabies.  Prison physicians determined that he actually had venereal warts, not scabies, and treated him by removing his warts.  Plaintiff submitted several grievances and grievance appeals complaining that doctors had misdiagnosed his condition and failed to administer the proper treatment.

    Anderson commenced this case pro se, pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief against the Commonwealth of Pennsylvania; Dr. Michael Pisano; and two prison officials: Sharon Burks, the Acting Chief Grievance Coordinator for the DOC, in her individual capacity, and David DiGuglielmo, a former Deputy Superintendent of Graterford, in his individual and official capacities.  Plaintiff claimed that the Defendants failed to correctly diagnose and treat his sexually transmitted disease, and that they failed to correct "unconstitutional violations" through his grievance appeals.

1

The Defendants moved to dismiss all of Plaintiff's claims.  Subsequently, by Memorandum and Order dated December 5, 2003, the Court (Weiner, J.) dismissed (1) all of Plaintiff's claims against the Commonwealth of Pennsylvania and (2) the § 1983 claim against DiGuglielmo in his official capacity.  However, the Court allowed Plaintiff's claims against Burks and DiGuglielmo in their individual capacities to stand, stating that the Court believed Plaintiff to be making a due process claim, rather than a deliberate indifference claim, against Burks and DiGuglielmo.  The Court subsequently, by Order dated March 1, 2005, dismissed all claims against Dr. Pisano.

Therefore, the only remaining claims in this case are Plaintiff's § 1983 due process claims against Defendants Burks and DiGuglielmo in their individual capacities.[1]  Presently before the Court is Defendants' Motion for Summary Judgment on those claims (Docket No. 40).

---

[1] Although it is not clear, Plaintiff may have attempted to assert pendent state law claims for medical malpractice and negligence.  Judge Weiner did not address any such claims in his pervious Orders.

As a threshold matter, a prison official's failure to investigate a prisoner's grievance that doctors had misdiagnosed his medical condition does not state a medical malpractice or negligence claim, particularly where the prison official is not a medical practitioner.  Williams v. Syed, 782 A.2d 1090, 1095 (Pa. Commw. 2001).  Even if Plaintiff managed to state a potential state law claim here, however, any such claim would be barred by the doctrine of sovereign immunity.  Commonwealth parties are immune from suit under Pennsylvania law for those actions taken within the scope of their duties, except in those instances in which the immunity has specifically been waived.  1 Pa. C.S.A. § 2310.  The Pennsylvania General Assembly has waived sovereign immunity only in nine categories of negligence.  Frazier v. Southeastern Pa. Transp. Authority, 868 F. Supp. 757, 761-62 (E.D. Pa. 1994).  These waivers are strictly construed.  See Mascaro v. Youth Study Center, 523 A.2d 1118, 1123 (Pa. 1987).  DOC and SCI-Graterford officials are creatures of state law and are entitled to the protection afforded by sovereign immunity.  McGrath v. Johnson, 67 F. Supp. 2d 499, 511 (E.D. Pa. 1999).  The negligent failure to provide a satisfactory response to an inmate grievance is not within the nine narrow negligence exceptions set forth in 42 Pa. C.S.A. § 8522(b) or any other statute.  Accordingly, to the extent any pendent state law claims exist here, they are barred by sovereign immunity and Defendants are entitled to summary judgment.

2

II.  <u>Legal Standard</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  <u>Id.</u>

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  <u>Id.</u> at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  <u>Anderson</u>, 477 U.S. at 255.

3

III.   **Facts**

The Court concludes there are no disputes of material fact, and will briefly recite the basic facts relevant to the limited remaining issue before the Court.[2]

Plaintiff was initially placed in DOC custody in June 2002 at SCI-Camp Hill.  Plaintiff believed he had contracted a sexually-transmitted disease.  After Plaintiff's arrival at Camp Hill, the prison doctor diagnosed his condition as venereal warts.  Before the doctor could administer treatment, Plaintiff was transferred to SCI-Graterford.

After arriving at SCI-Graterford, both Dr. Pisano and another physician also diagnosed Plaintiff with venereal warts.  Because Plaintiff was initially placed in a Restricted Housing Unit, he was informed that he could be treated for the warts upon his return to the general prison population.

Plaintiff subsequently filed the first of several grievances, complaining that he had not received a dermatology consult and needed emergency treatment for a "serious illness caused by [an] STD" ("Grievance 48313").  Julia Knaur, the Corrections Health Care Administrator at SCI-Graterford, responded to the grievance by informing Plaintiff that SCI-Camp Hill had not ordered a dermatology consult; that upon arrival at SCI-Graterford Plaintiff had not requested follow-up medical care; and that, nevertheless, treatment had been ordered as a result of his sick call at SCI-Graterford.  Knaur concluded that Plaintiff's "issue is being addressed."

On April 2, 2003, Plaintiff submitted a second grievance, stating that he had shown Dr. Pisano "the infected area" and that Pisano had told Plaintiff there was nothing wrong with him.

---

[2] Plaintiff's response to the Motion for Summary Judgment and Statement of Undisputed Facts – an incoherent, rambling document entitled "Affadavit" – fails to establish any disputed material fact to the Court's satisfaction.

The grievance was returned to Plaintiff because the matter was already being addressed per the response to Grievance 48313.

After returning to the general prison population, Dr. Walton removed Plaintiff's venereal warts with an acid treatment.  On April 12, 2003, Plaintiff submitted yet another grievance, complaining that Dr. Walton had misdiagnosed his medical condition ("Grievance 48314"). Plaintiff stated a belief he had scabies based on his personal research in the Johns Hopkins Family Health Book.  Leslie Hatcher, the Grievance Coordinator at SCI-Graterford, returned the grievance to Plaintiff because the matter was "currently being address though [Grievance] 48313."

Plaintiff appealed Grievance 48314 to Defendant DiGuglielmo, who at that time was a Deputy Superintendent at SCI-Graterford.  DiGuglielmo responded by stating his agreement with Hatcher that the matter was addressed previously in Grievance 48313.  Plaintiff appealed further to a final review by Defendant Burks, then Acting Chief Grievance Coordinator for the entire DOC.  Burks responded that she had reviewed the entire record and agreed with DiGuglielmo that the issue was previously addressed in Grievance 48313; she denied the appeal.

Plaintiff then filed a third grievance, complaining that Hatcher had improperly rejected Grievance 48314 ("Grievance 49107").  Plaintiff once again asserted he had scabies and had been incorrectly treated for venereal warts.  He requested re-diagnosis at a nearby hospital.  Hatcher returned Grievance 49107 to Plaintiff, once again stating in response that the issue was addressed through the response to Grievance 48313.  Plaintiff again appealed to the Superintendent.  On behalf of the Superintendent, Defendant DiGuglielmo responded once again that the issue had been addressed through Grievance 48313.  Plaintiff again appealed to final review by Defendant

5

Burks.  Burks again denied the appeal on the ground that the medical complaint had been

addressed in Grievance 48313.

Plaintiff submitted no more grievances concerning his alleged scabies.

At Judge Weiner's order, Plaintiff was examined by an outside dermatology specialist.

The specialist confirmed Plaintiff's diagnosis of genital warts and found no evidence of scabies

or other sexually-transmitted diseases.  He treated the warts with liquid nitrogen.  Furthermore,

even though no evidence of scabies was found, the doctor gave Plaintiff Elimite cream – a

treatment for scabies – because it was a benign treatment with no risk.  Plaintiff, however, never

used the scabies treatment.

Plaintiff subsequently commenced this civil action.

## IV.   Discussion

### 1.   Due Process Claim

To state a viable due process claim under the Fourteenth Amendment, the plaintiff must

show (1) the existence of a constitutionally protected liberty or property interest; and (2)

constitutionally deficient procedures by the state in its deprivation of that interest.  Board of

Regents v. Roth, 408 U.S. 564 (1972).  Plaintiff's claims fail both prongs of this test.

First, Plaintiff fails to assert a cognizable constitutionally-protected interest.  The only

interest implicated by Plaintiff's claims in some interest in redress via the inmate grievance

procedure. However, although prisoners have a constitutional right to seek redress of grievances

as part of their right of access to courts, prisoners are not constitutionally entitled to a prison

grievance procedure, and the state's creation of a prison grievance procedure does not create a

liberty interest requiring procedural protections under the Fourteenth Amendment.  Booth v.

6

King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004) (citing Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd 142 F.3d 430 (3d Cir. 1998)).  Because prisoners have no due process right to a prison grievance system, a state official's alleged failure to respond favorably to an inmate grievance cannot be a due process violation.  Gay v. City of Philadelphia, 2005 U.S. Dist. LEXIS 15840, at *19 (E.D. Pa. 2005) (citing Rauso v. Vaughn, 2000 U.S. Dist. LEXIS 9035, *59 (E.D. Pa. 2000)).

Second, even if Plaintiff was able to establish a constitutionally-protected interest here, the facts of record demonstrate that the Defendants clearly provided Plaintiff with an opportunity to be heard via the established DOC grievance procedure.  Stated most succinctly, "the DOC prison grievance system has been recognized by courts in this Circuit as providing adequate postdeprivation remedies to inmates in satisfaction of the Due Process Clause."  McEachin v. Beard, 319 F. Supp. 2d 510, 514-15 (E.D. Pa. 2004) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000); Allah v. Al-Hafeez, 208 F. Supp. 2d 520, 537 (E.D. Pa. 2002) ("Because there was due process in the grievance procedures, defendant . . . is entitled to summary judgment on this claim.").  Therefore, the failure of a prison official to provide an appropriate response to an inmate grievance is simply not a federal constitutional violation.  Gordon v. Vaughn, 1999 U.S. Dist. LEXIS 7060 (E.D. Pa. 1999).

In short, Plaintiff complains only that the Defendants did not provide him with the relief he sought via the prison grievance system.  However, as discussed above, the due process clause is not offended by the situation presented here.  Because the Plaintiff has failed to establish either a constitutionally-protected interest or a deficient procedure by which Plaintiff was deprived of any such interest, Defendants are entitled to summary judgment on the remaining due process

claims.

### 2.    **Qualified Immunity**

The individual Defendants also move for summary judgment on grounds of qualified immunity.  The Court concludes, as an independent ground for granting summary judgment, that Defendants are entitled to qualified immunity under established law based on the facts alleged by Plaintiff, even assuming them to be true.  Defendants had good reason to believe that their responses to Plaintiff's grievances were lawful.  The case law is very well settled that, although prisoners are entitled to reasonable medical care, the constitutional standard under the Eighth Amendment is whether the plaintiff can show deliberate indifference to a serious medical need, which the Court must initially view on an objective basis.  <u>Farmer v. Brennan</u>, 114 S.Ct. 1970 (1994); <u>Singletary v. Pa. Dep't of Corrections</u>, 266 F.3d 186, 192 n. 2 (3d Cir. 2002).  Plaintiff's claims do not rise to deliberate indifference because Defendants undisputedly took steps to see that Plaintiff received medical care; the fact that the medical care was not to the Plaintiff's satisfaction is legally irrelevant.

In addition, as the discussion above discloses, Plaintiff was provided all the rights to which he was entitled through the prison grievance system and he does not have any claim for denial of due process.  Because officers, such as Defendants, of reasonable competence could have believed they were acting lawfully, they are entitled to immunity.  <u>See</u> <u>Malley v. Briggs</u>, 475 U.S. 335 (1986).  There are no facts from which unlawful behavior is apparent.  <u>See</u> <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987).  When the facts are not in dispute or Plaintiff's facts, even if taken as true, are insufficient, qualified immunity is a complete defense to suit and summary judgment should be granted in favor of the Defendants.  <u>Mitchell v. Forsyth</u>, 472 U.S.

511 (1985).

**V.**     **<u>Conclusion</u>**

For the foregoing reasons, the Defendants' Motion for Summary Judgment will be

granted.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BERNARD ANDERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-5058 |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |

**ORDER**

AND NOW, this 21st day of December, 2005, upon careful review of Plaintiff's Motion for Summary Judgment, and the response thereto, it is hereby ORDERED that Defendants' Motion for Summary Judgment (Docket No. 40) is GRANTED.  Judgment is entered in favor of Defendants and against Plaintiff.

The Clerk will close this case for statistical purposes.

BY THE COURT:

 /s/ MICHAEL M. BAYLSON
Michael M. Baylson, U.S.D.J.

O:\CIVIL\03-5058 Anderson v. Comm. PA\Anderson v. PA 03-5058 - Memo - Defs' MSJ.wpd